UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES U. PAYNE,

       Plaintiff,                           Case No. 2:22-cv-12597

v.                                         Paul D. Borman
                                                United States District Judge

JUDGE JOHN G. MCBAIN et al.,

       Defendants.
_____/

## **OPINION AND ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AND (2) DISMISSING PLAINTIFF'S COMPLAINT**

### Background

On October 28, 2022, pro se Plaintiff James Payne filed a Complaint against Defendants Judge John McBain, prosecutor Jeremiah Smith, and attorney Craig Pappin. (ECF No. 1.) In this Complaint, Payne describes his claim as follows:

> The type of claim im asserting is that the Jackson County Court's in Jackson, Michigan violated my 6th amendment right's 8th amendment right's 14th amendment right's out of the constitutional right's with due process and malfeasance and lawyer Malpractice and a plea that was lied to me out of Obstructing Justice to bribe a plea.

(ECF No. 1, PageID 3.) And he elaborates:

> The fact of my claim is that Judge Mcbain violated my 6th amendment right by not giving me a fair trial by coming to an agreement on a 7411 plea plan then come to sentencing day he lied after i took the plea and broke the agreement and violated my 14th and 8th amendment with the

1

> cruel punishment and not treated equal in court and bind it to district court form the circuit like he was suppose to which that is a breach of contract and due process and Obstructing of Justice to bribe my into a plea. And the Prosecutor lied about the 7411 plea also and my criminal record was tampered with saying i had a felony when at the time I had now got proof and evidance also and he violated my 6th and 14th and 8th amendment also which he also Obstructing of Justice and bribe me also. And my lowyer Craig T. Pappin wouldn't put in the motion's i ask him to like he was suppose to which that is lawyer malpractice/ malfeasance and he violated my 6th amendment and 8th and 14th amendment right's by not making sure i had a fair trial and not repsent me like he was suppose to be doing.

(ECF No. 1, PageID 3–4.)

For relief, he seeks:

> . . . Justice, pain and suffering, Emotional distress and have PTSD from this and i want the charge taking off my records due to due process and violating of my right's also and damages for the time i serve in jail through this whole case.

(ECF No. 1, PageID 5.)

The same day that he filed his Complaint, Payne also filed an Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 2.) The Court finds this Application to be facially sufficient and therefore **GRANTS** it. *See* 28 U.S.C. § 1915(a); *Burns v. Stroud*, No. 21-cv-11196, 2021 WL 2156190, at *1 (E.D. Mich. May 27, 2021).

## Legal Standard

This Court must liberally construe the pleadings and filings of pro se plaintiffs. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *see also Haines v. Kerner*, 404

U.S. 519, 520 (1972) (noting that courts hold pro se complaints "to less stringent standards than formal pleadings drafted by lawyers"). But the Court must also *sua sponte* dismiss a Complaint filed *in forma pauperis* if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis in law or fact," which it does "if it contains factual allegations that are 'fantastic or delusional' or if it is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)). And a complaint fails to state a claim if it does not "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## Analysis

The Court hereby **DISMISSES** Payne's Complaint **WITHOUT PREJUDICE** because it lacks an arguable basis in law and is therefore frivolous.

First, because "plaintiffs may not assert a direct constitutional claim against state or local officials," the Court will construe Payne's complaint as bringing claims under 42 U.S.C. § 1983, which provides a cause of action for "constitutional claims against [such] officials." *Durmov v. Univ. of Ky.*, No. 12-258, 2013 WL 488976, at

3

\*2 (E.D. Ky. Feb. 7, 2013); *see also Harnden v. Croswell-Lexington Cmty. Sch.*, No. 2:15-CV-12738, 2016 WL 1317942, at \*3 (E.D. Mich. Mar. 14, 2016) ("As a preliminary matter, Plaintiffs do not specify in their complaint that this action is brought pursuant to 42 U.S.C. § 1983. However, the causes of action raised in the complaint involve the deprivation of rights, privileges, and immunities secured by the Constitution and laws, and such an action is properly brought pursuant to § 1983. . . . Accordingly, I will construe this action as one brought pursuant to § 1983."), *report and recommendation adopted in part*, 2016 WL 8115653 (Apr. 4, 2016), *and report and recommendation adopted*, 2016 WL 2731188 (May 11, 2016).

From there, Payne's claims are not cognizable, because granting him his requested relief would "render [his] conviction or sentence invalid" through an "[in]appropriate" "collateral attack." *Heck v. Humphrey*, 512 U.S. 477, 485 (1994). As the Supreme Court has explained:

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . .

*Id.* at 486–87; *see also Whitaker v. Westrick*, 172 F.3d 51, at \*1 (6th Cir. 1998) (Table) ("The district court correctly held that, pursuant to *Heck . . .*, this civil rights action was not cognizable, as a judgment for Whitaker would imply the invalidity of

4

his conviction, which had not yet been reversed by some other process."); *Wilson v. Valente*, No. 12-cv-12274, 2012 WL 5457488, at *1 (E.D. Mich. Nov. 8, 2012) ("Because Plaintiff is no longer 'in custody' pursuant to the sentence being challenged, he has no habeas remedy available to challenge the sentencing proceedings. However, the mere unavailability of habeas relief does not excuse the application of *Heck* to § 1983 claims that call into question the validity of a conviction or sentence.").

## Conclusion

As stated above, Payne's Application to Proceed Without Prepaying Fees or Costs is **GRANTED** and his Complaint is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B).

Additionally, the Court finds that Payne may not appeal this Order *in forma pauperis* because an appeal cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

**IT IS SO ORDERED.**

> s/Paul D. Borman
> Paul D. Borman
> United States District Judge

Dated:  November 4, 2022